UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:05CV705(RWS) |
| | ) |
| FELIX VINCENZ, and | ) |
| FULTON STATE HOSPITAL, | ) |
| | ) |
| Respondent. | ) |

ORDER AND MEMORANDUM

This matter is before the Court upon the application of Willie Moore for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is Moore's motion for appointment of counsel [Doc. #3]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**The petition**

Liberally construing the petition, it appears that petitioner pleaded not guilty by reason of mental disease or defect to a state criminal charge arising from his killing a man. It further appears that, pursuant to Missouri Revised Statute § 552.030, the state court ordered petitioner committed to the

custody of the Director of the Missouri Department of Mental Health (MDOMH). Petitioner is currently confined at the Fulton State Hospital (FSH). Plaintiff seeks unconditional release from confinement.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (§ 2254 Rules) provides that a petition for a writ of habeas corpus may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Title 28 U.S.C. § 2254 provides that a writ of habeas corpus shall not be granted unless the petitioner has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1)(A).

In the case at hand, plaintiff alleges that he has not appealed the state court's decision ordering his detention. Plaintiff also alleges that he has not sought a writ of habeas corpus in the state courts. Because petitioner was not convicted of the underlying criminal offenses, it appears that he cannot raise his claims in a motion pursuant to Rule 29.15 of the Missouri Rules of Criminal Procedure. Rule 91.01 of the Missouri Rules of Civil Procedure, however, provides that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." Thus, it appears that petitioner has available a non-exhausted

state remedy to challenge the state court's order in the form of a petition for a writ of habeas corpus pursuant to Rule 91.01.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that a show cause order shall not issue on the petition because petitioner has not exhausted his available state remedies.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE